**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00817-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Lynne Bursey Pirie, | |
| Defendant. | |

Pending before the Court is Defendant Lynne Bursey Pirie's Motion to Seal Case Records. (Doc. 17). The Government filed a Response, (Doc. 20), and Defendant did not reply. The Court now rules.

On July 23, 2008, Defendant pled guilty to Distribution of Human Growth Hormone, a class D felony, in violation of 21 U.S.C. § 333(e)(1). (Doc. 17 at 7). Pursuant to the Government's request, the Court sealed the Information, Case Summary, Plea Agreement and Waiver of Indictment that were lodged in this matter. (Doc. 4). The Court sentenced Defendant to 18 months of probation on October 14, 2008. (Doc. 14 at 1).

Approximately ten months after sentencing, the Government, "at the written request of [Defendant] Dr. Pirie and her attorney," moved the court to "unseal the entire file" in Defendant's case. (Doc. 15). The Court granted the motion and unsealed the case on August 19, 2009. (Doc. 16).

Defendant now—over 16 years later—moves the Court to re-seal her case under A.R.S. § 13-911. The Government argues that Defendant's motion should be denied

because she failed to cite federal legal authority, and courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." (Doc. 21 at 1–2 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).

The State of Arizona allows a person, pursuant to A.R.S. § 13-911, to petition the court to seal all case records related to a criminal offense if certain conditions are satisfied. But Arizona's sealing statute does not apply to Defendant's federal conviction. *See United States v. Fox*, CR-13-02221-001-TUC-CKJ (BGM), 2024 WL 3292590, at *1–2 (D. Ariz. July 3, 2024) (finding the Court lacked the jurisdiction and authority to seal defendant's case record under A.R.S. § 13-911 because "[f]ederal courts . . . only possess the power authorized by the Constitution or by federal statute").

In federal court, "there is 'a strong presumption in favor of access to court records'" that can be overcome "only by showing a 'compelling reason.'" *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018) (citations omitted). Compelling reasons "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted). "[A] litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court does not find a compelling reason to seal Defendant's conviction records because Defendant does not allege—nor can the Court independently identify—any facts to suggest that her court records are being used for an improper purpose.

And while the Court could interpret Defendant's filing as a motion to expunge her criminal record—an action that *is* permitted under federal law—she would still not be entitled to relief. *Fox*, 2024 WL 3292590, at *1–2 (treating the defendant's motion to seal under A.R.S. § 13-911 as a motion to expunge criminal records); *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004) (noting that "federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases"). Although the Ninth Circuit Court of Appeals has recognized that "district courts possess ancillary jurisdiction

to expunge criminal records," that authority is limited to "expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). District courts lack the power to expunge a criminal record of a valid arrest and conviction "solely for equitable considerations." *Id.* at 1014–15.

Defendant does not contest the legality of her arrest or conviction, nor does she identify any clerical errors in her case. Indeed, Defendant fails to offer any explanation—even one based on equitable considerations—to support her request to seal (i.e., expunge) her criminal record. On this record, the Court will not expunge her criminal record.

Because Defendant bases her request for relief on a state statute that is inapplicable in federal court, and no other grounds exist to justify sealing her arrest or conviction, Defendant's request to seal the case is denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Seal (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal Defendant's Motion to Seal, (Doc. 17), and this Court's February 3, 2026 Order, (Doc. 18).

**IT IS FURTHER ORDERED** that the Government's request to seal its Response to Defendant's Motion to Seal (Doc. 20) is **denied**. The Clerk of the Court shall file the lodged response at Doc. 21 not under seal.

Dated this 23rd day of March, 2026.

James A. Teilborg
Senior United States District Judge

cc:  Dft.

- 3 -